**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0391n.06
Filed: May 12, 2005

**No. 04-1026**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DATRELL LAMAR EFFINGER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BRUCE CURTIS, Warden, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM. The petitioner, Datrell Lamar Effinger, is a Michigan state prisoner serving a lengthy sentence following his conviction for second-degree murder and use of a firearm in the commission of a felony. After exhausting his appeals in the state courts, Effinger filed this action in federal court, seeking habeas relief on various grounds. The district court denied the request for the issuance of a writ and also denied Effinger a certificate of appealability. We subsequently granted a certificate on two of the petitioner's grounds for relief: first, that the trial judge had evidenced bias by interfering with cross-examination and by disparaging Effinger's attorney before the jury and, second, that Effinger was deprived of the effective assistance of counsel when the attorney failed to call an eyewitness who allegedly could have testified to exculpatory evidence on Effinger's

behalf.  We now undertake review of those issues pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).

As to the first issue, the district court reviewed the trial records and could not say that the Michigan Court of Appeals had acted unreasonably in finding that the trial judge's conduct was not so egregious as to require a retrial.  We agree.  The state trial judge may not have been the model of decorum – indeed, it appears that he was rather abrupt with defense counsel on occasion and somewhat overbearing in his efforts to move the trial along – but his interaction with counsel nevertheless did not reflect a bias against the petitioner or his case and could not have been so taken by the jury.

As to the second issue, the district court also viewed as reasonable the conclusion of the Michigan Court of Appeals that counsel's decision not to call Ricky Woods as a witness was a matter of trial strategy and, further, that Effinger had failed to demonstrate that counsel was incompetent in making this decision or that he had suffered prejudice as a result of his attorney's decision.  We agree with this conclusion, also.  Woods's sketchy affidavit indicates merely that he was on Georgia Street when the victim was shot and that "Dartrell [sic] Effinger was not." But the statement gives no indication that Woods actually saw the shooting or that Woods has any knowledge of the shooter's identity.

In summary, we conclude that nothing in the record before us indicates that the state court engaged in an objectively unreasonable application of clearly established federal law

or that its decision was contrary to federal law. We therefore find no basis under § 2254(d)

on which to overturn the judgment of the district court denying habeas relief and AFFIRM.